Floyd W. Bybee, #012651
**FLOYD W. BYBEE, PLLC**
2173 E. Warner Road, Suite 101
Tempe, Arizona 85284
Office: (480) 756-8822
Fax: (480) 756-8882
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Steven Ramar,** an individual;<br><br>     Plaintiff,<br><br>v.<br><br>**U.S. Collections West, Inc.,** an Arizona corporation;<br><br>     Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff, Steven Ramar, by and through counsel undersigned and in good faith, alleges as follows:

**I.   PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. (hereinafter "FDCPA"). In the course of attempting to collect a debt allegedly owed by Plaintiff, Defendant engaged in deceptive, unfair

1    and / or abusive debt collection practices in
2    violation of the FDCPA.  Plaintiff accordingly
3    seeks to recover actual damages, and statutory
4    damages, as well as reasonable attorney's fees and
5    costs.

## II.   STATUTORY STRUCTURE OF FDCPA.

2.   Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3.   The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. <u>Baker v. G.C. Services Corp.</u>, 677 F.2d 775, 777 (9th Cir. 1982).

4.   The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt.  FDCPA § 1692a(3).

5.   The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for

1  personal, family, or household purposes.  FDCPA §
2  1692a(5).
3  6. The FDCPA defines "debt collector' as  any person
4  who uses any instrumentality of interstate
5  commerce or the mails in any business the
6  principal purpose of which is the collection  of
7  any debts, or who regularly collects or attempts
8  to collect, directly or indirectly, debts owed or
9  due or asserted to be owed or due to another.
10  FDCPA § 1692a(6).
11 7. Any debt collector who fails to comply with the
12  provisions of the FDCPA is liable for any actual
13  damage sustained; statutory damages up to $1,000;
14  attorney's fees as determined by the Court and
15  costs of the action. FDCPA § 1692k.

16  **III.  JURISDICTION**

17 8. Jurisdiction of this Court, over this action and
18  the parties herein, arises under 15 U.S.C.
19  §1692k(d) (FDCPA), and 28 U.S.C. §1337.  Venue
20  lies in the Phoenix Division of the District of
21  Arizona as Plaintiff's claims arose from acts of
22  the Defendant perpetrated therein.

23  **IV.  PARTIES**

24 9. Plaintiff is a citizen of Maricopa County,
25  Arizona.
26 10. Plaintiff is allegedly obligated to pay a consumer

1  debt and is a "consumer" as defined by FDCPA
2  §1692a(3).
3  11. Defendant U.S. Collections West, Inc. ("USCW") is
4  an Arizona corporation.
5  12. USCW is licensed as a collection agency by the
6  Arizona Department of Financial Institutions,
7  license number 0007020.
8  13. USCW regularly collects or attempts to collect
9  debts owed or asserted to be owed or due another
10 and is a "debt collector" as defined by FDCPA
11 §1692a(6).

**V.   FACTUAL ALLEGATIONS**

13 14. Sometime before May 2005, Plaintiff entered into a
14 lease agreement for an apartment with Papago
15 Gardens.
16 15. Thereafter, Papago Gardens claimed Plaintiff
17 breached the lease agreement and subsequently owed
18 it a debt resulting from such breach.
19 16. The Papago Gardens debt was later assigned to USCW
20 for collection purposes.
21 17. During the collection process, on or about June
22 11, 2005 USCW telephoned Plaintiff's Aunt, Mary E.
23 Norcross, requesting Plaintiff's phone number.
24 Norcross told the collector that Plaintiff did not
25 reside there, and that she would not give out his
26 phone number.  She did state, however, that she

1 would relay a message to Plaintiff that USCW
2 wanted to speak with him.
3 18. When asked what the call was about, USCW's
4 collector told Norcross that Plaintiff owed them
5 money.
6 19. Thereafter, Plaintiff obtained the legal services
7 of attorney Charles T. Stegall.  Stegall contacted
8 USCW and made it clear that he represented
9 Plaintiff concerning the Papago Gardens debt, and
10 that all future communications concerning the debt
11 need to be through him.
12 20. Prior to December 2005, there had been several
13 communications between USCW and Stegall concerning
14 the Papago Gardens debt.
15 21. In December 2005, USCW contacted Stegall
16 concerning the Papago Gardens debt.  At that time,
17 Stegall told the collector that he was not sure
18 whether he was still representing Plaintiff and
19 that he would check with Plaintiff.  Stegall did
20 check with Plaintiff and advised USCW on January
21 10, 2006 that he was still representing Plaintiff
22 concerning the Papago Gardens debt.
23 22. Between the time of the call to Stegall in
24 December 2005 and January 10, 2006, USCW contacted
25 Plaintiff directly concerning collection of the
26 Papago Gardens debt.

23. On January 30, 2006 Stegall sent a letter to USCW advising it that Plaintiff had retained new counsel, Floyd W. Bybee, and that all further communications should be directed to him.

24. In or about February 2006, USCW hired attorney Alan Zimmerman to assist it in collecting the Papago Gardens debt.

25. Upon information and belief, USCW failed to notify Zimmerman that Plaintiff was represented by counsel concerning the Papago Gardens debt.

26. On or about February 27, 2006, Zimmerman, on behalf of his client USCW, sent a letter to Plaintiff concerning collection of the Papago Gardens debt.

27. As a result and proximate cause of Defendant's actions, Plaintiff has suffered actual damages, including, but not limited to, emotional distress, humiliation and embarrassment.

28. Defendant's actions were intentional, willful, and in gross or reckless disregard of the rights of Plaintiff and part of its persistent and routine practice of debt collection.

29. In the alternative, Defendant's actions were negligent.

/ / /

/ / /

## VI. CAUSES OF ACTION

### a. Fair Debt Collection Practices Act

30. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.
31. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§1692b(1), 1692b(2), 1692b(6), and 1692c(2).
32. As a direct result and proximate cause of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages for which Defendant is liable.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a) Statutory damages of $1,000 pursuant to §1692k;

b) Actual damages in an amount to be determined at trial;

c) Costs and reasonable attorney's fees pursuant to §1692k; and

/ / /

/ / /

1      d)  Such other relief as may be just and proper.

3      DATED <u>  March 21, 2006  </u>.

4                               **FLOYD W. BYBEE, PLLC**

6                                <u>s/ Floyd W. Bybee</u>
                              Floyd W. Bybee, #012651
7                                2173 E. Warner Road, Suite 101
                              Tempe, Arizona 85284
8                                Office:  (480) 756-8822
                              Fax: (480) 756-8882
9                                floyd@bybeelaw.com

10                               Attorney for Plaintiff